IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANNA M. LACHAPPELLE,                         Civil No. 04-6332-AA

    Plaintiff,                              OPINION AND ORDER

    v.

JO ANNE BARNHART,
Commissioner, Social Security
Administration,

    Defendant.

---

Kathryn Tassinari
Robert Baron
Cram, Harder, Wells & Baron, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
    Attorneys for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Craig J. Casey
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

1 - OPINION AND ORDER

David J. Burdett
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
    Attorneys for defendant

AIKEN, Judge:

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383 to obtain judicial review of the Commissioner's final decision denying her application for disability insurance benefits and supplemental security income (SSI) benefits under Titles II and XVI of the Social Security Act (the Act). For the reasons set forth below, the decision of the Commissioner is affirmed.

## BACKGROUND

On September 16, 2002, plaintiff protectively applied for disability insurance and SSI benefits, alleging disability as of June 9, 2002. Tr. 51, 64, 230-32. Her applications were denied initially and on reconsideration. Tr. 38-46, 234-242. After timely requesting a hearing, plaintiff appeared and testified before an Administrative Law Judge (ALJ) on March 2, 2004. Tr. 282-322. A vocational expert also testified. On April 20, 2004, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 13-22. On July 30, 2004, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. Tr. 6-7. Plaintiff now seeks judicial review.

Plaintiff was forty-eight years old at the time of the

2 - OPINION AND ORDER

administrative hearing, with a high-school education and four years of college courses. Tr. 100, 287. Plaintiff has worked as a receptionist, church secretary, cable assembler, and salesperson. Tr. 100, 305-06. In October 2003, plaintiff began working twenty hours per week as a receptionist. Tr. 288. Plaintiff alleges disability due to pain, swelling and limited use of her right elbow after she fractured it in June 2002. Tr. 64, 292.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th

3 - OPINION AND ORDER

Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. In step one, the ALJ found that plaintiff's earnings from working twenty hours per week did not qualify as "substantial gainful activity" during the period of alleged disability. Tr. 17-18; 20 C.F.R. §§ 404.1520(b), 416.920(b). In steps two and three, the ALJ found that plaintiff's fractured right elbow was a "medically severe impairment" but was not equal or medically equivalent to any of the listed impairments so as to establish disability. Tr. 19; 20 C.F.R. §§ 404.1520(c) and (d), 416.920(c) and (d).

In step four, the ALJ relied on the testimony of the vocational expert and found that plaintiff retained the residual functional capacity (RFC) to perform her "past relevant work" as a receptionist. Tr. 18-20; 20 C.F.R. §§ 404.1520(e), 416.920(e); Social Security Regulation (SSR) 96-8p. Alternatively, the ALJ found that plaintiff was capable of performing other work that exists in the national economy. Tr. 20; 20 C.F.R. §§ 404.1520(f), 416.920(f).

## DISCUSSION

Plaintiff asserts that the ALJ's decision should be reversed and remanded for payment of benefits, because the ALJ erred by rejecting plaintiff's subjective complaints of pain and by finding plaintiff able to perform substantial gainful work activity.

At the administrative hearing, plaintiff testified that she was currently working part-time as a receptionist, answering the telephone and performing some keyboarding and paperwork. Tr. 288. Plaintiff testified that she was unable to perform work on a full-time basis, because of the pain and swelling of her right arm after working five hours. Tr. 289. Plaintiff testified that after work, she sits in a recliner, props up her arm, and applies heat and massage. Tr. 292, 296. Plaintiff testified that she turned down the opportunity to work additional hours at her place of employment, because of her elbow pain. Tr. 292.

The ALJ found plaintiff partially credible but rejected her claim that she was unable to work more than twenty hours per week. Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting her testimony, and that it should be credited as a matter of law.

The record reflects that plaintiff suffered an injury or impairment that could be expected to cause the pain alleged by plaintiff, and the ALJ did not cite evidence of malingering. Therefore, the ALJ must provide clear and convincing reasons for

5 - OPINION AND ORDER

rejection of plaintiff's subjective pain testimony. See Smolen v. Chater, 80 F.3d 1273, 1281, 1284 (9th Cir. 1996).

The ALJ noted that plaintiff's treating physician, Dr. Butters, did not opine that plaintiff was disabled from performing all work activity, and that no medical provider or examiner rendered an opinion of disability. Tr. 19-20. Instead, the ALJ adopted the limitations imposed by Dr. Butters and found that plaintiff was limited to lifting three pounds occasionally and one pound frequently with her right arm, and that she was limited in the use of her right hand as a helping hand. Tr. 20, 214, 245-46. Although plaintiff testified that she could not work more than twenty hours per week because of the pain to her right arm, plaintiff also admitted that her current employment exceeds the limits imposed by Dr. Butters. Tr. 214, 301. Therefore, no evidence in the record supports plaintiff's allegation that she cannot perform full-time work within those limits.

As noted by the Commissioner, additional medical evidence not presented to the ALJ supports his credibility determination. In April 2004, the same month as the ALJ's unfavorable disability decision, plaintiff hurt her back after lifting heavy sacks and gardening in her yard. Tr. 253-57. Such activities detract from plaintiff's subjective complaints of pain and provide additional evidence of record to support the ALJ's finding. Although the court generally reviews evidence presented to the ALJ, this

evidence is part of the record and was submitted to the Appeals Council. See Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (where claimant submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, "[w]e may properly consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review"); Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (where the Appeals Council declined to review the decision of the ALJ after examining new material, the Ninth Circuit considered both the ALJ's decision and the additional materials submitted to the Appeals Council).

Plaintiff also alleges that the ALJ erred in finding that plaintiff retains the ability to perform her past relevant work or other work in the national economy. Plaintiff argues that the ALJ failed to credit plaintiff's testimony that her arm is sore and painful after working five hours per day, and that the jobs identified by the ALJ require frequent handling and fingering. However, as explained above, the ALJ did not commit legal error in rejecting plaintiff's testimony regarding her ability to perform full-time work activity. Further, the ALJ's hypothetical included all restrictions noted by plaintiff's treating physician, and the vocational expert testified that a person with such limitations could perform plaintiff's past relevant work as a receptionist and other work activity. Tr. 306-07, 318-19. Thus, I find no error.

7 - OPINION AND ORDER

## CONCLUSION

The findings and conclusion of the ALJ that plaintiff is not disabled under the Act are supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

DATED this ____ day of September, 2005.

_____
Ann Aiken
United States District Judge

8 - OPINION AND ORDER